ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-40045-JAR |
| ) | |
| Raymond Sawyer and MagnaGro ) | |
| International, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the parties' Joint Motion for Continuance (Doc. 12) of the trial date, defendants' Motion to Strike Prejudicial Surplusage from the Indictment (Doc. 13), and defendants' Motion in Limine to Exclude Environmental Protection Agency's Sample and Expert Report from this Case (Doc. 14). The Court heard argument on the motion to strike surplusage on September 8, 2008. Also at that hearing, the Court orally granted the parties' joint motion to continue the trial date and indicated that trial in this matter would commence on December 8, 2008. The parties agreed that a ruling on the motion to exclude could be deferred.

The Indictment charges defendants with one count of knowingly causing industrial waste from a fertilizer formulation operation to be discharged into the sewer system and the Publicly Owned Treatment Works (POTW) of the City of Lawrence, Kansas, without a permit, in violation of 33 U.S.C. § 1319(c)(2). Defendants move to strike paragraphs 10 and 11 from the Indictment, which discuss an incident in March 2001 where defendants discharged industrial

waste into the sewer system of Lawrence, Kansas and the City instructed defendant Sawyer to stop. Defendants maintain that this information is not relevant to the charged offense, which took place in September 2007, and that it is prejudicial. The government maintains that it is relevant to establish the "knowledge" element of the crime, i.e., because defendants had been instructed once before to stop discharging waste in this manner, they did so knowingly in 2007.

Federal Rule of Criminal Procedure 7(d) states that the Court may strike surplusage from an indictment. This means that a court, in its discretion, may strike allegations that are inflammatory and prejudicial to the defendant and not relevant to the charges in the indictment,[1] or "allegations which are both independent of and unnecessary to the offense on which a conviction ultimately rests."[2]

Without deciding the admissibility of such evidence, the Court grants the motion to strike the language in paragraphs 10 and 11 of the Indictment. While the information about defendants' past dealings with the City of Lawrence regarding their industrial waste disposal is relevant to the *mens rea* element of the offense, "it is certainly not essential in making out a *prima facie* pleading of violation."[3] Furthermore, allowing the Indictment to include references to defendants' past problems with the City allows the government to assert another claim against defendants, even though it does not form the basis for the 2007 conduct charged in Count One.[4] Allowing such a claim is prejudicial to defendants.

---

[1] *United States v. Schuler*, 458 F.3d 1148, 1153 (10th Cir. 2006) (quoting *United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990)).

[2] *United States v. Brooks*, 438 F.3d 1231, 1237 (10th Cir. 2006) (citing *United States v. Miller*, 471 U.S. 130, 136-37 (1985)).

[3] *United States v. Cooper*, 384 F. Supp. 2d 958, 960 (D.W. Va. 2005).

[4] *Id.*

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Strike Prejudicial Surplusage from the Indictment (Doc. 13) is **granted and paragraphs 10 and 11 are hereby stricken from the Indictment.**

**IT IS FURTHER ORDERED** that the parties' Joint Motion for Continuance (Doc. 12) of the trial date is **granted and trial is set in this matter on December 8, 2008.** The Court finds that the period of delay resulting from the granting of this request is excludable from the computation of the time in which trial must commence pursuant to 18 U.S.C. § 3161(h)(8) in that the ends of justice are served by the granting of this request outweigh the best interests of the public and the defendants in a speedy trial.

**IT IS FURTHER ORDERED** that defendants' Motion in Limine to Exclude Environmental Protection Agency's Sample and Expert Report from this Case (Doc. 14) is **deferred** for ruling until the limine hearing in this matter.

**IT IS SO ORDERED**.

Dated this  12th  day of September, 2008.

      S/ Julie A. Robinson
Julie A. Robinson
United States District Judge